1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   V. SONNY SONIA,                                No.  2:14-cv-2975-JAM-KJN PS

12                    Plaintiff,

13           v.                                       ORDER TO SHOW CAUSE

14   CALIFORNIA HIGHWAY PATROL, et
     al.,
15
                     Defendants.
16

17          Plaintiff, who is proceeding without counsel, filed her first amended complaint on July 17,

18   2015.[1]  (ECF No. 13.)  On August 3, 2015, defendant Osborne, the only defendant to appear in

19   this action to date, filed a motion to dismiss plaintiff's first amended complaint, (ECF No. 17),

20   which the court granted on September 4, 2015, but with leave to file a second amended pleading

21   within 30 days (ECF No. 25).

22          It has been more than 30 days since the deadline for plaintiff to file a second amended

23   pleading pursuant to the undersigned's order of September 4, 2015.  (ECF No. 25.)  To date,

24   plaintiff has not filed a second amended complaint.

25          The court is inclined to recommend, on its own motion, the dismissal of plaintiff's action

26   with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure

27   _____

28   [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).

to comply with the Federal Rules of Civil Procedure, and failure to comply with this court's order (ECF No. 25), which is incorporated by reference herein.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Nevertheless, in light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff one final opportunity to file a second amended complaint before it recommends dismissal of this action with prejudice.  ***Accordingly, the court will extend the filing deadline for the***

*second amended complaint an additional 30 days.[2]  By the same extended deadline, plaintiff is also directed to file a separate writing showing cause for why she failed to file a second amended complaint by the original deadline set by the court's September 4, 2015 order (ECF No. 25).  Plaintiff is cautioned that if she fails to meet this extended deadline, the court will recommend that this entire action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).*

Based on the foregoing, IT IS HEREBY ORDERED that:

1. **Within 30 days of the date of this order**, plaintiff shall show cause in writing why this case should not be dismissed for plaintiff's failure to prosecute the action and failure to comply with the court's order of September 4, 2015 (ECF No. 25).

2. **Within 30 days of the date of this order**, plaintiff shall file either a second amended complaint that complies with the court's September 4, 2015 order or a request for voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

3. *Plaintiff's failure to file the required writing and amended complaint shall constitute an additional ground for, and plaintiff's consent to, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).*

4. In light of the foregoing, the Initial Scheduling Conference scheduled for October 29, 2015 is VACATED.  The court will reschedule this hearing, if necessary, after plaintiff files a second amended complaint in accordance with this order.

////

////

---

[2] As the court noted in its September 4, 2015 order, plaintiff may alternatively file a request for voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) if she believes that she cannot in good faith remedy the deficiencies in her first amended complaint highlighted by the court's order through further amendment of her pleading, or if she determines that she does not wish to pursue this action at this juncture.  (ECF No. 25 at 11.)

1          IT IS SO ORDERED.

2     Dated:  October 14, 2015

3

4                                        KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4